**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000071
30-APR-2026
08:36 AM
Dkt. 75 SO**

NO. CAAP-24-0000071

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,
SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN
TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-7,
Plaintiff-Appellee,
v.
BRUCE MARTIN HARADA, Defendant-Appellee, and
TEREEN TERUKO HARADA, Defendant-Appellant, and
VILLAGES OF KAPOLEI ASSOCIATION;
HAWAI'I HOUSING FINANCE AND DEVELOPMENT CORPORATION;
STATE OF HAWAI'I-DEPARTMENT OF TAXATION,
Defendants-Appellees, and
DOES 1 through 20, inclusive, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC121001484)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Tereen Teruko **Harada** appeals from

the Circuit Court of the First Circuit's January 5, 2024 "Order

Approving Commissioner's Report and Granting [Plaintiff-Appellee

**U.S. Bank** National Association's] Renewed Motion for Confirmation of Foreclosure Sale, Allowance of Costs, Commissions and Fees, Distribution of Proceeds, Directing Conveyance Filed on September 19, 2023" (**Order Confirming Foreclosure Sale**) and Judgment.[1]  (Formatting altered.)

On appeal, Harada contends the circuit court erred in confirming the judicial foreclosure sale of real property in Kapolei (**the Property**) and erred in failing to stay proceedings to re-market the Property.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

In March 2004, Harada's husband at the time executed a $180,000.00 adjustable-rate note secured by a mortgage on the Property, and had defaulted by September 2007.  A complaint to foreclose was filed in May 2012.

In December 2022, U.S. Bank moved for summary judgment and an interlocutory decree of foreclosure on the Property.  In January 2023, Defendant Hawai'i Housing Finance and Development Corporation (**HHFDC**) moved for partial summary judgment to

---

[1]  The Honorable James H. Ashford presided until January 1, 2024, when the case was reassigned to the Honorable Shirley M. Kawamura, who entered the appealed-from order and judgment consistent with Judge Ashford's December 1, 2023 oral ruling.

establish its priority for its shared appreciation equity lien (**SAE lien**) on the Property.

In March 2023, the circuit court granted U.S. Bank's motion, appointed Matthew S. Sumstine as Commissioner (**Commissioner Sumstine**), and ordered the Property sold at auction. The circuit court also found that the "Mortgage constitutes a first priority interest" in the Property, "subject only to the interest of Defendant [HHFDC]" and that the "amounts owed to HHFDC shall be determined at a subsequent confirmation hearing."

The circuit court ordered that, following the sale of the Property, "[a] further hearing shall be held in this action to consider confirmation of the foreclosure sale," where it "shall hear proof of the claim of any other party and shall determine the priority among the claims of the parties besides [U.S. Bank]." The circuit court further ordered that "[a]t the hearing, the Court may also allow reopening of the auction by accepting higher bids."

Following the circuit court's order, Commissioner Sumstine prepared a fact sheet (**the Fact Sheet**), which was "made available to all interested parties." The Fact Sheet described the Property and pertinent financial information. Importantly, in addition to listing the amount due under the note and mortgage as an estimated $497,899.95 as of May 27, 2023, the

Fact Sheet included the following advisement highlighted in yellow:

> **[Hawaiʻi] Housing Finance and Development Corporation (HHFDC)**
> Holds a senior/priority interest which is not disputed and owed approximately $250,000 as of April 4, 2023.

After advertising the auction three times in the Honolulu Star-Advertiser newspaper, Commissioner Sumstine received nineteen telephone and email inquiries, and twenty people attended the two open houses. Then, on May 17, 2023, the Property was sold at auction to the highest bidder, a third-party purchaser, Ascend Properties LLC, for $475,000.00. Four bidders attended the auction, making a total of eighteen bids.

U.S. Bank moved to confirm the sale, which Harada opposed. Before the circuit court could rule on the motion, however, U.S. Bank withdrew its motion as "incomplete" and "filed in error."

The circuit court then granted HHFDC's motion for partial summary judgment, ordering that "HHFDC is entitled to judgment and distribution of its SAE lien from foreclosure proceeds after payment of the Commissioner's fees and costs, prior to all others." The circuit court subsequently determined that the amount due on HHFDC's SAE lien was $250,442.04.

In September 2023, U.S. Bank renewed its motion to confirm the foreclosure sale. However, instead of seeking to

confirm the May 17, 2023 sale of the Property for $475,000.00, U.S. Bank argued that bidding should be reopened. U.S. Bank acknowledged the sale should not have gone forward in the first place because "[b]idders at the foreclosure auction may not have understood" that "the confirmed buyer will receive title to the Property free and clear of <u>both</u> [U.S. Bank]'s mortgage and the HHFDC's senior lien in return for the confirmed sale price" and that bidders "may have expected that they were bidding on the Property being free and clear of Plaintiff's mortgage, but still <u>subject to</u> the continuing lien of the HHFDC, which would then need to be paid at closing." Therefore, U.S. Bank argued that "any interested parties who wish to re-open bidding and [sic] should be allowed as a matter of equity to obtain the highest possible purchase price for the Property in the current market conditions."

Harada opposed, arguing that merely reopening the bid at the confirmation hearing did not satisfy the law's requirement that "the mortgagee take and use all fair and reasonable means to obtain the best price for the foreclosed upon property." Instead, Harada argued, "[t]o obtain the best price for the Property, the Property must be re-marketed with current, accurate, and reliable information. Re-marketing includes re-publication, open houses, and re-public auctioning of the sale of the Property."

U.S. Bank replied, arguing that its duty had been satisfied because all interested bidders were notified by Commissioner Sumstine that HHFDC's senior SAE lien "will be paid from the sale proceeds and released as part of the confirmed sale" and "interested bidders are prepared to reopen the bidding process." U.S. Bank's reply included, as an exhibit, an email exchange between U.S. Bank's attorney and Commissioner Sumstine, in which the latter explained, "I have reached out to my normal email list and am cross referencing those who emailed me who may not be on the list. Several have said they will reopen."

On December 1, 2023, the circuit court held a hearing on U.S. Bank's renewed motion to confirm. The record on appeal does not contain a transcript of the hearing.[2] The circuit court's minutes reflect that attorneys for U.S. Bank, Harada, Ascend Properties, LLC, and the other named Defendants were present and that "counsel had no objections to the bidding being re-opened." Bidding was reopened and Commissioner Sumstine reported the results of the reopened bid. Argument was then

---

[2] Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 10(b) requires an appellant to request transcripts of court proceedings "[w]hen an appellant desires to raise any point on appeal that requires consideration of the oral proceedings before the court appealed from." Under HRAP Rule 11(a), "[i]t is the responsibility of each appellant to provide a record, as defined in Rule 10 of these Rules and the Hawai'i Court Records Rules, that is sufficient to review the points asserted and to pursue appropriate proceedings in the court or agency appealed from to correct any omission."

heard, after which the circuit court orally granted U.S. Bank's renewed motion to confirm the foreclosure sale.

The circuit court entered its written order on January 5, 2024, confirming the foreclosure sale to the highest bidder, a third-party purchaser, Sherwin Siu Chin Louie, for $655,000.00.  Judgment was entered the same day.

Harada contends the circuit court erred when it found that "the price obtained by the Commissioner fairly represents the market value of the Mortgaged Property under the circumstances of the sale and present economic conditions and that no other person indicated any interest in submitting a higher bid" because U.S. Bank (and Commissioner Sumstine) did not discharge its duty to use all "fair and reasonable means in obtaining the best prices for the property on sale."  (Emphasis omitted.)  See generally Ulrich v. Sec. Inv. Co., 35 Haw. 158, 168 (Haw. Terr. 1939), aff'd, Kondaur Cap. Corp. v. Matsuyoshi, 136 Hawai'i 227, 229, 361 P.3d 454, 456 (2015); Hungate v. Law Off. of David B. Rosen, 139 Hawai'i 394, 409, 391 P.3d 1, 16 (2017), abrogated on other grounds by, State ex rel. Shikada v. Bristol-Myers Squibb Co., 152 Hawai'i 418, 526 P.3d 395 (2023)).

According to Harada, "[t]o obtain the best price for the Property, and respect the rights of Defendant-Appellant Tereen Harada, the confirmation hearing should have been stayed, the Property re-marketed with current, accurate, and reliable

information.  Re-marketing would include re-publication, open houses, and re-public auctioning of the sale of the Property."

We review the circuit court's confirmation of a judicial foreclosure sale for abuse of discretion:

> The lower court's authority to confirm a judicial sale is a matter of equitable discretion.  If the highest bid is so grossly inadequate as to shock the conscience, the court should refuse to confirm.  In exercising its discretion, the court should act in the interest of fairness and prudence and with just regard for the rights of all concerned and the stability of judicial sales.

Hoge v. Kane, 4 Haw. App. 533, 540, 670 P.2d 36, 40 (App. 1983) (citation omitted).  "Hence, the exercise of discretion by the lower court judge will not be disturbed on appeal except for abuse."  Indus. Mortg. Co. v. Smith, 94 Hawaiʻi 502, 510, 17 P.3d 851, 859 (App. 2001) (citation modified).

To the extent Harada argues the circuit court abused its discretion by confirming the sale despite U.S. Bank and Commissioner Sumstine allegedly not "us[ing] all fair and reasonable means in obtaining the best prices for the property on sale" as required under Ulrich, that argument fails because Ulrich does not apply to judicial foreclosure sales.  See, e.g., Kondaur, 136 Hawaiʻi at 229, 235, 361 P.3d at 456, 462 ("We hold that the duties set forth in Ulrich remain viable law and are applicable to non-judicial foreclosures of real property mortgages."  (Emphasis added.)).

Moreover, to the extent Harada argues the circuit court abused its discretion by declining to re-market the Property because doing so <u>could</u> yield a higher price, this court has previously rejected similar arguments. <u>See</u> <u>Brent v. Staveris Dev. Corp.</u>, 7 Haw. App. 40, 46-47, 741 P.2d 722, 726-27 (App. 1987); <u>Smith</u>, 94 Hawaiʻi at 511-12, 17 P.3d at 860-61. Instead, this court held, "under circumstances conceptually similar to those we face here, that the appellant's conjecture about the higher price a new sale might yield was just that, conjecture, and insufficient to establish an abuse of discretion on the part of the lower court[.]" <u>Smith</u>, 94 Hawaiʻi at 512, 17 P.3d at 861 (citing <u>Brent</u>, 7 Haw. App. at 46-47, 741 P.2d at 726-27). As this court has explained,

> The circumstances of this case reduce to pure conjecture [the appellant's] argument that a resale after further notice would ensure that a substantially greater sale price would have been obtained. . . . Even if a new sale had been ordered by the lower court, there is no guarantee that more interest in the property would have been generated, or that the successful bid at the new auction would have been as high or higher than [the confirmed] bid. Moreover, a new sale would have entailed more costs for the parties involved.

<u>Id.</u> (quoting <u>Brent</u>, 7 Haw. App. at 46-47, 741 P.2d at 726-27).

In any event, Harada has not shown that the confirmed sale price of $655,000.00 is "so grossly inadequate as to shock the conscience." <u>Hoge</u>, 4 Haw. App. at 540, 670 P.2d at 40; <u>HawaiiUSA Fed. Credit Union v. Monalim</u>, 147 Hawaiʻi 33, 45, 464 P.3d 821, 833 (2020) (explaining judicial sales often result in

a price below fair market value as a result of the forced nature of the sale); <u>Wodehouse v. Hawaiian Tr. Co.</u>, 32 Haw. 835, 852 (Haw. Terr. 1933). The original bid was $475,000.00; after the bidding was reopened, the sales price increased $180,000.00 to $655,000.00. And Harada's opening brief does not point to any evidence of the fair market value of the Property so as to demonstrate that $655,000.00 shocks the conscience.

Accordingly, the circuit court did not abuse its discretion when it confirmed the sale of the Property.

Based on the foregoing, we affirm the circuit court's January 5, 2024 Order Confirming Foreclosure Sale and Judgment.

DATED: Honolulu, Hawai'i, April 30, 2026.

On the briefs:

Stephen J.T. Chow
(Fukunaga Matayoshi Ching &
Kon-Herrera), and
Leighton K. Lee,
for Defendant-Appellant.

Edmund K. Saffery,
Christopher P. St. Sure,
Kenory E. Khuy,
(Goodsill Anderson Quinn &
Stifel),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

10